UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

THOMAS NGUYEN and TIFFANY NGUYEN,

                        Plaintiffs,          **MEMORANDUM & ORDER**
                                                             15-CV-641 (MKB)

                        v.

GEORGE W. BUSH, ELAINE CHAO,
MICHAEL R. BLOOMBERG, THE PORT
AUTHORITY OF NEW YORK/NEW
JERSEY, CHINA AIRLINES, and
HUNG-HSIANG SUN,

                        Defendants.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiffs Thomas Nguyen ("Mr. Nguyen") and Tiffany Nguyen ("Ms. Nguyen"), appearing *pro se*, commenced the above-captioned action on February 6, 2015, against Defendants George W. Bush, Elaine Chao, Michael Bloomberg, the Port Authority of New York and New Jersey, China Airlines, and Hung-Hsiang Sun. (Compl., Docket Entry No. 1.)[1] Plaintiffs seek relief pursuant to 42 U.S.C. §§ 1983 and 1985(3) for violations of Plaintiffs' Fifth Amendment and Fourteenth Amendment rights.[2] (Compl. 3.) Plaintiffs' requests to proceed *in*

---

[1] For the purposes of this Memorandum and Order, the Court will refer to the Complaint and the documents annexed to the Complaint as the "Complaint." *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) ("A complaint is deemed to include any written instrument attached to it as an exhibit." (citing Fed. R. Civ. P. 10(c))). For ease of reference, the Court refers to the electronic case filing (ECF) page numbers.

[2] Plaintiffs also vaguely refer to "severe and extreme physical injuries," mental and physical damages, mental and emotional distress, and "deceptive practices." (Compl. 3.) Because, as discussed below, the Court finds that Plaintiffs have failed to state a plausible claim under federal law, the Court declines to exercise supplemental jurisdiction over any state law claims, to the extent Plaintiffs are attempting to assert such state law claims.

*forma pauperis* pursuant to 28 U.S.C. § 1915 are granted solely for the purpose of this Order.[3] (Thomas Nguyen Mot. for Leave to Proceed *in forma pauperis*, Docket Entry No. 2; Tiffany Nguyen Mot. for Leave to Proceed *in forma pauperis*, Docket Entry No. 3.) For the reasons set forth below, the action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I. Background**

The following factual allegations are taken from the Complaint. On August 28, 2007, Mr. Nguyen filed "case 1015 in Ambassador Herbold's office in the REPUBLIC of Singapore." (Compl. 2.) Plaintiffs attach to the Complaint a photocopied page marked "Case Sheet," stamped "American-Citizens Services 1015" and dated August 28, 2007. (*Id.* at 4.) The document recounts an incident from August 26, 2007. (*Id.*) That morning, Mr. Nguyen and his two daughters were at China Airlines' check-in counter at an unidentified airport. (*Id.*) As Mr. Nguyen handed the check-in agent his family's three passports, a masked person took the passports. (*Id.*) Mr. Nguyen shouted for help and held the person's legs as he "tried to get away." (*Id.*) At that time, "another man" appeared and "tried to hit [Mr. Nguyen's] face" with several punches. (*Id.*) As he tried to "avoid the attack[,] the other person pulled [Ms. Nguyen's] hair," and "dragged her on the floor." (*Id.*) Mr. Nguyen states that his other daughter was "scared to death." (*Id.*) "At the filing time of case 1015, [Ms. Nguyen] was only 11 years old." (*Id.* at 1), and "at the time of the alleged illegal closing of case 1015 . . . [she] was about 14 years old." (*Id.*)

The Complaint appears to allege that "in or about the end of 2014," Mr. Nguyen learned

---

[3] It is not clear that Mr. Nguyen qualifies for *in forma pauperis* status, given his monthly income, which he reported to be $4030. (Thomas Nguyen Mot. for Leave to Proceed *In Forma Pauperis* 1, Docket Entry No. 2.) However, based on Mr. Nguyen's representation that he had only $453 in take-home pay for the period December 2, 2014 through December 15, 2014, the Court grants his application for the purposes of this Memorandum and Order.

of a conspiracy to close case 1015. (*Id.* at 3, 5–6.) At that time, "it appeared to PLAINTIFF that the axis of deception was emerging as Bush via Chao-Bloomberg-PANYNJ and [Plaintiff] confronted the alleged criminals Chao Bloomberg via [Time-Sensitive] letter." (*Id.* at 3.) An attached photocopied email, dated January 29, 2015, from "Thomas Nguyen" and addressing Chao, purports to be in reference to case 1015. (*Id.* at 5–6.) The message states that Mr. Nguyen went to the United States embassy in Singapore and filed "case 1015 against China Airlines." (*Id.*) Referencing Bush, Chao and Bloomberg, the email states that Ms. Chao left the board of directors of Bloomberg Philanthropies shortly after Mr. Nguyen sent a "Legal Document," and it poses a question: "Did you or the likes of you break the law by working with Mike Bloomberg or his cronies to close case 1015 for China Airlines without victims' knowledge?" (*Id.* at 5–6) (capitalization in original omitted). In closing, the email states that if the recipient does not answer the question, Mr. Nguyen will "seek recourse in a court of law" based on the "violation" against Mr. Nguyen's family. (*Id.*) The Complaint states that "they have not answered [P]laintiffs by their given deadline[.]" (*Id.* at 3.)

Plaintiffs demand eighteen hundred trillion dollars in damages:

> for causing [P]laintiff(s) severe and extreme physical injuries; for causing [P]laintiffs mental and physical damages, suffering emotional and mental distress; for using deceptive practices; for depriving [P]laintiff(s) the right to life, for taking away [P]laintiff's right to D[ue] P[rocess], among many other rights guaranteed by . . . statutes and the [United States] Constitution, pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), Treason, Conspiracy to terrorize defenseless American(s) in the post 9/11 era, Bribery, etc. . . . where the latter [two] may need government power of prosecution because of criminal natures of the crime.

(*Id.*)

3

## II. Discussion

### a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the Plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (same); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action, if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Statute of limitations

In New York State, the statute of limitations for actions brought pursuant to Sections 1983 and 1985 is three years. *Paige v. Police Dep't of Schenectady*, 264 F.3d 197, 199 n.2 (2d Cir. 2001); *see also Owens v. Okure*, 488 U.S. 235, 250–51 (1989) (holding that the most appropriate statute of limitations in a Section 1983 action is found in the "general or residual [state] statute [of limitations] for personal injury actions"); *Pearl v. City of Long Beach*, 296 F.3d

76, 79 (2d Cir. 2002) (applying a three year statute of limitations to Section 1983 action in New York State, citing N.Y. C.P.L.R. § 214(5)). While state law supplies the statute of limitations, federal law determines when the Section 1983 or Section 1985 claim has accrued. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Smith v. Campbell*, --- F.3d ---, 2015 WL 1449499, at *4 (2d Cir. Apr. 1, 2015). Generally, Sections 1983 and 1985 claims accrue "when the plaintiff knows or has reason to know of the injury" he or she has suffered. *Sigh v. Wells*, 445 F. App'x 373, 376 (2d Cir. 2011) (quoting *Pearl*, 296 F.3d at 80); *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 331 (2d Cir. 1997) (same).

The Plaintiffs' vague allegations appear to describe a harm arising from (1) the alleged physical attack on Mr. Nguyen and the theft of his family's passports, which he claims occurred on August 26, 2007 (the "2007 Passport Incident") (Compl. 3), and (2) the subsequent closure of "case 1015" with China Airlines, which appears to have occurred sometime before January 29, 2015.[4] (*Id.* at 3–5.) To the extent Plaintiffs' claims arise from the 2007 Passport Incident, such claims would have accrued at the time of the incident in 2007, over seven years ago, and well outside the limitations period for Plaintiffs' Section 1983 or Section 1985 claim. To the extent Plaintiffs' claims arise from the closure of case 1015, the Complaint makes no allegation regarding the timing of that closure, and the Court therefore cannot determine whether Plaintiffs' claims are timely. The Court recognizes that as *pro se* litigants, Plaintiffs are held "to less stringent standards than those governing lawyers." *Ortiz v. Cornetta*, 867 F.2d 146, 148 (2d Cir. 1989). Indeed, "[o]nce a pro se litigant has done everything possible to bring his action, he should not be penalized by strict rules which might otherwise apply if he were represented by

---

[4] The photocopied email message is dated January 29, 2015. (Compl. 5.) In that message, the author, Mr. Nguyen, states that case 1015 had previously been closed, but it does not provide a date that such closure occurred.

counsel." *Id.* However, even assuming that Plaintiffs' challenge to the closure of case 1015 is timely, as discussed below, the Complaint requires dismissal for failure to state a claim.

  **c. Failure to state a claim**

    **i. Section 1983 claims**

In order to sustain a claim for relief under Section 1983, a plaintiff must allege that (1) the challenged conduct was "committed by a person acting under color of state law," and (2) such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 claims generally must be brought against the individuals personally responsible for the alleged deprivation of constitutional rights, not against the government entities or agencies where those individuals are employed. A plaintiff seeking to recover money damages "must plead that each Government-official defendant, through his own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 678. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). Here, as discussed below, Plaintiffs have not alleged any claims against any individual Defendant to the extent they were attempting to do so, and as to Sun and China Airlines, any allegation must fail because they are not state actors. As a result, Plaintiffs' Complaint must be dismissed for failure to state a Section 1983 claim.

    **1. Bush, Chao, and Bloomberg**

Plaintiffs allege that Bush, Chao and Bloomberg, along with the other Defendants, were the "alleged perpetrators" of "the alleged illegal closing of case 1015." (Compl. 1.) As to Bush, Plaintiffs state that "14 years ago" he swore to "faithfully execute the Office of the President of

6

the United States" and to "defend the Constitution of the United States." (*Id.* at 2.) As to Chao, Plaintiffs describe her as "the highest Taiwanese American official under the Bush[] administration surviving the entire 8 years of Mr. Bush's presidency while my family's suffering many years during that time at the 'hands' of a massive conspiracy of IMPLICATED PERSONS." (*Id.* at 5.) As to Bloomberg, Plaintiffs state that he "was the 3-terms mayor of NYC" who was "the central MASTERMIND of many violations." (*Id.* at 2.) Plaintiffs go on to describe "Bin Laden," as a "MASTERMIND" but "not physically and directly involve[d] in the event of 9/11," and compare Bin Laden to Bloomberg, stating, "Bloomberg was in the same 'MASTERMIND' comparison with respect to this case against PLAINTIFF's family." (*Id.*) Read in the light most favorable to Plaintiffs, the Complaint appears to attempt to describe a conspiracy connecting Bush and Chao, as "the highest Taiwanese American official" in President Bush's administration, with Bloomberg by alleging that Chao "deceptively got off Bloomberg's board" after receipt of an unidentified legal document from Nguyen. (*Id.* at 2, 5–6.)

These allegations are insufficient to state a claim. At no point do Plaintiffs connect these vague and conclusory allegations to any act undertaken by Defendants individually to deprive Plaintiffs of any constitutional right. Although the Complaint makes references to an "illegal closing of case 1015," even read in the most favorable light, there are no factual allegations to support a claim that closing case 1015 deprived Plaintiffs of due process or any other federal right. More importantly, Plaintiffs have not stated facts that indicate that Bush, Chao or Bloomberg — whether individually, or collectively as part of the purported conspiracy — were involved in any of the events described in the Complaint. As a result, Plaintiffs' Section 1983 claims against Bush, Chao and Bloomberg are dismissed for failure to state a claim pursuant to

7

28 U.S.C. § 1915(e)(2)(B)(ii). *Iqbal*, 556 U.S. at 678.[5]

### 2. Sun and China Airlines

The Complaint fails to state a claim as to Hung-Hsiang Sun and China Airlines. A claim for relief under Section 1983 must allege facts showing that the challenged conduct was "committed by a person acting under color of state law." 42 U.S.C. § 1983. Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" *Hooda v. Brookhaven Nat'l Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 173 (1972); *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (quoting *United States v. Int'l. Bhd. of Teamsters*, 941 F.2d 1292, 1295 (2d Cir.1991)) (internal quotation marks omitted). "[L]iability under § 1983 may be imposed upon private individuals who are not state actors (1) if

---

[5] On April 24, 2015, Mr. Nguyen submitted a letter to the Court "in connection and relation to case 15 CV 0641 and other cases pending in EDNY." (Def. Apr. 24, 2015 Letter 1, Docket Entry No. 5.) In that letter, he states he is implicating Randy Asher ("Asher"), "Principal of Brooklyn Technical High School," as an additional "perpetrator into [this] pending case." (*Id.*) Attaching numerous documents, Mr. Nguyen attempts to connect Asher to the conspiracy discussed above. (*Id.* at 1–5.) Mr. Nguyen states that "there must be a MASSIVE CONSPIRACY for many years inside the [Department of Education] under Bloomberg's policy and [watch]," which Mr. Nguyen alleges resulted in his "blacklisting" after the 2007 Passport Incident — referenced as "the fateful day of 8/28/2007." (*Id.* at 1.) For the same reasons discussed above, regarding Bush, Chao and Bloomberg, Plaintiffs' claims against Asher are dismissed for failure to state a claim.

there exists a 'sufficiently close nexus between the State and the challenged action of the [private] entity so that the action of the latter may be fairly treated as that of the State itself' (the 'close nexus/joint action' test); (2) when the State 'has exercised coercive power or had provided such significant encouragement, either overt or covert,' that the action of the private entity must be deemed that of the State (the 'state compulsion' test); or (3) where the private entity 'has exercised powers that are traditionally the exclusive prerogative of the State' (the 'public function' test)." *Faraldo v. Kessler*, No. 08-CV-0261, 2008 WL 216608, at *4 (E.D.N.Y. Jan. 23, 2008) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004–05 (1982)).

Plaintiff has not alleged any facts to support a finding that Sun, who the Complaint identifies as Chairman of China Airlines, (Compl. 2), or China Airlines are state actors. The Complaint makes no allegations that Sun or China Airlines were either state actors or had a sufficiently "close nexus" to the state to support a Section 1983 claim. *Sullivan*, 526 U.S. at 49–50; *Sajimi v. City of New York*, No. 07-CV-3252, 2011 WL 135004, at *7 (E.D.N.Y. Jan. 13, 2011) ("[A]ll of plaintiffs clams against Lufthansa must be dismissed, as this defendant is a private corporation and not a state actor.").

Moreover, as with Bush, Chao and Bloomberg, Plaintiffs do not connect their vague and conclusory allegations to any act undertaken by Sun or China Airlines that deprived Plaintiffs of due process in violation of the Constitution. Other than alleging that China Airlines check-in counter was the scene of the 2007 Passport Incident, (Compl. 4), Plaintiffs do not allege any facts connecting Sun or China Airlines to that incident, or to the closure of case 1015, and do not state what Constitutional rights either Defendant violated. As a result, Plaintiffs' Section 1983 claims against Sun and China Airlines are dismissed.

### 3. Port Authority of New York and New Jersey

Plaintiffs' allegations as to the Port Authority of New York and New Jersey ("PANYNJ" or the "Port Authority") are even more ambiguous than the allegations against the other Defendants. The Complaint states that "[China Airlines] is a tenant within the PANYNJ-operated JFK international airport under PANYNJ's long-term lease with the City of New York." (Compl. 2.) It also states that "PANYNJ's properties" were among the most affected on the September 11, 2001 "terrorist attack." (*Id.*) Referring again to the vague conspiracy outlined above, the Complaint states that in 2014, it appeared to Plaintiffs that "the axis of deception was emerging as Bush via Chao Bloomberg-PANYNJ." (*Id.*) Read most liberally, the Complaint appears to attempt to allege that PANYNJ is connected with the 2007 Passport Incident at an undisclosed China Airlines check-in counter and the closing of case 1015, based on China Airline's alleged tenancy with "PANYNJ-operated JFK international airport." (*Id.*)

Although "[t]he Port Authority is a state actor for purposes of § 1983," *Danese v. Knox*, 827 F. Supp. 185, 190 (S.D.N.Y. 1993) (citing *Raysor v. Port Auth. of N.Y. & N.J.*, 768 F.2d 34 (2d Cir. 1985)); *see Torraco v. Port. Auth. of N.Y. & N.J.*, 615 F.3d 129 (2d Cir. 2010), Plaintiffs make no allegations in the Complaint connecting the Port Authority to any alleged violations of Plaintiffs' constitutional rights. As a result, the Section 1983 claims against the Port Authority are dismissed.

#### ii. Section 1985(3) claims

To make out a violation of Section 1985(3), a plaintiff "must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person

is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Robinson v. Allstate Ins. Co.*, 508 F. App'x 7, 9 (2d Cir. 2013) (quoting *United Bhd. of Carpenters v. Scott*, 463 U.S. 825, 828–29 (1983)) (internal quotation marks omitted). With respect to the second element, a plaintiff must show that the conspiracy was motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus . . . ." *Id.* (quoting *Britt v. Garcia*, 457 F.2d 264, 270 n.4 (2d Cir. 2006)) (internal quotation omitted); *see also Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 419 (2d Cir. 1999); *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). Here, the Complaint simply alleges in a conclusory manner that there was a "Bush via Chao-Bloomberg-PANYNJ" "axis of deception" existing for some unidentified end. (Compl. 3.) Even affording the Complaint a liberal reading, it contains no factual allegations that there was any agreement or meeting of the minds to achieve an unlawful end. *See Robinson*, 508 F. App'x at 9 (citing *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003)). Furthermore, there is no factual basis on which to find that the alleged conspiracy was motivated by invidiously discriminatory animus. Accordingly, claims against all Defendants under Section 1985(3) are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

   d. **Leave to amend**

   Although the Court held this *pro se* Complaint[6] "to less stringent standards than formal

---

[6] This is Plaintiff Mr. Nguyen's seventh action filed in the Eastern District of New York in the last fifteen months, many of which have been dismissed. *See Nguyen v. Bush*, No. 15-CV-641 (E.D.N.Y. filed Feb. 6, 2015); *Nguyen v. Milliken*, No. 15-CV-587 (E.D.N.Y. filed Jan. 30, 2015) (*see* Docket Entry No. 5 (dismissing complaint in full with leave to amend)); *Nguyen v. Santander Bank*, No. 14-CV-3989 (E.D.N.Y. filed June 26, 2014) (dismissing complaint at September 17, 2014 status conference, with leave to amend); *Nguyen v. JPM Chase Bank*, No. 14-CV-03464 (E.D.N.Y. filed June 2, 2014) (same); *Nguyen v. China Nat'l Offshore Oil Corp. (CNOOC)*, No. 14-CV-3327 (E.D.N.Y. filed May 29, 2014) (dismissing complaint at September

pleadings drafted by lawyers," *Hughes*, 449 U.S. at 9, and "construe[d] [Plaintiffs'] [C]omplaint liberally, reading it to raise the strongest arguments it suggests,'" the Court finds that even under that standard, the Complaint does not give "any indication that a valid claim might be stated." *Toliver v. City of New York*, 530 F. App'x 90, 90 (2d Cir. 2013) (quoting *Walker v. Schult*, 717 F.3d 119, 123–25 (2d Cir. 2013)). Cognizant of Plaintiffs' *pro se* status, the Court nevertheless denies Plaintiffs leave to amend. Here, Plaintiffs' allegations are incredible and frivolous, and leave to amend would be futile. *Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) ("[G]ranting leave to amend would be futile as the barriers to relief for [plaintiff's] claims cannot be surmounted by reframing the complaint."); *Igarashi v. Skulls & Bones*, 438 F. App'x 58, 59 (2d Cir. 2011) ("[T]he district court properly dismissed the complaint without providing an opportunity to amend because any amendment would have been futile in light of the incredible nature of the allegations.").

---

17, 2014 status conference, in full with prejudice as any amendment would be futile) *appeal dismissed* No. 14-3871 (2d Cir. Mar. 6, 2015); *Nguyen v. Bank of America*, No. 14-CV-1243 (E.D.N.Y. filed Feb. 26, 2014) (*see* Docket Entry No. 22 (dismissing complaint in full with leave to amend)); *see also Nguyen v. Ridgewood Savings Bank*, No. 14-CV-1058 (E.D.N.Y. filed Feb. 28, 2014) (*see* Docket Entry No. 22 (dismissing complaint in full with leave to amend)).

## III. Conclusion

For the reasons stated above, the Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: May 1, 2015
       Brooklyn, New York