UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

THOMAS NGUYEN and TIFFANY NGUYEN,

                Plaintiffs,               **MEMORANDUM & ORDER**
                                                                     15-CV-641 (MKB)
       v.

GEORGE W. BUSH, ELAINE CHAO,
MICHAEL R. BLOOMBERG, THE PORT
AUTHORITY OF NEW YORK/NEW
JERSEY, CHINA AIRLINES and
HUNG-HSIANG SUN,

                Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      On February 6, 2015, Plaintiffs Thomas Nguyen ("Mr. Nguyen") and Tiffany Nguyen ("Ms. Nguyen"), appearing *pro se*, commenced the above-captioned action pursuant to 42 U.S.C. §§ 1983 and 1985(3), against Defendants George W. Bush, Elaine Chao, Michael Bloomberg, the Port Authority of New York and New Jersey ("PANYNJ"), China Airlines and Hung-Hsiang Sun, China Airlines' Chairman, for alleged violations of Plaintiffs' Fifth and Fourteenth Amendment rights. (Compl., Docket Entry No. 1.) On May 1, 2015, the Court granted Plaintiffs' request to proceed *in forma pauperis* and dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim (the "May 1, 2015 Decision"). *Nguyen v. Bush*, No. 15-CV-641, 2015 WL 1966296, at *1 (E.D.N.Y. May 1, 2015). On June 10, 2015, Plaintiffs moved to vacate the judgment entered on May 1, 2015, and, in effect, seek reconsideration of the

Court's May 1, 2015 Decision.[1] (Pls. Mot. to Vacate J. ("Pls. Mot."), Docket Entry No. 10.) For the reasons discussed below, the Court denies Plaintiffs' motion.

**I. Background**

The Court assumes familiarity with the facts as set forth more fully in the May 1, 2015 Decision, *Nguyen*, 2015 WL 1966296, at *1, and provides a summary of only the pertinent facts.

On August 28, 2007, Mr. Nguyen initiated "case 1015" with the Office of the United States Ambassador to the Republic of Singapore. (Compl. 2.) A document attached to the Complaint, dated August 28, 2007 and marked "American-Citizens Services 1015," recounts an incident that occurred on August 26, 2007. (*Id.* at 4.) According to the document, on August 26, 2007, Mr. Nguyen and his two daughters, one of whom is Ms. Nguyen, were robbed at an unidentified airport while standing at a China Airlines check-in counter. (*Id.*) As Mr. Nguyen handed the check-in agent his family's passports, a masked man took the passports. (*Id.*) Mr. Nguyen shouted for help and attempted to prevent the man from escaping, but "another man" appeared and "tried to hit [Mr. Nguyen's] face" with several punches. (*Id.*) As Mr. Nguyen tried to "avoid the attack[,]" the second man "pulled [Ms. Nguyen's] hair," and "dragged her on the floor." (*Id.*) Mr. Nguyen states that his other daughter was "scared to death." (*Id.*)

The Complaint appears to allege that "in or about the end of 2014," Plaintiffs learned of a conspiracy to close case 1015. (*Id.* at 2–3, 5–6.) At that time, they learned "that the axis of deception was emerging as Bush via Chao-Bloomberg-PANYNJ," and Plaintiffs "confronted the alleged criminals Chao Bloomberg via Time-Sensitive letter." (*Id.* at 3.) An email to an

---

[1] On May 29, 2015, Plaintiffs filed a notice of appeal as to the Court's dismissal and the entry of judgment against Plaintiffs. (Docket Entry No. 8.) On July 29, 2015, the Second Circuit dismissed Plaintiffs' appeal for failure to either pay the filing fee or move for *in forma pauperis* status. (Docket Entry No. 12.)

unknown recipient dated January 29, 2015 is attached to the Complaint, and it appears to be addressing Defendant Chao regarding case 1015. (*Id.* at 5–6.) The email states that Mr. Nguyen went to the United States embassy in Singapore and filed "case 1015 against China Airlines." (*Id.* at 5.) The email appears to pose the following question to Defendants Bush, Chao and Bloomberg: "Did you or the likes of you break the law by working with Mike Bloomberg or his cronies to close case 1015 for China Airlines without victims' knowledge?" (*Id.* at 6 (capitalization omitted).) The message states that if the recipient fails to respond, Mr. Nguyen will "seek recourse in a court of law" based on the "violation" against Mr. Nguyen's family. (*Id.*) Plaintiffs allege that Defendants "have not answered [P]laintiffs by their given deadline[.]" (*Id.* at 3.) The Complaint seeks eighteen hundred trillion dollars in damages:

> for causing [P]laintiff(s) severe and extreme physical injuries; for causing [P]laintiffs mental and physical damages, suffering emotional and mental distress; for using deceptive practices; for depriving [P]laintiff(s) the right to life, for taking away [P]laintiff's right to D[ue] P[rocess], among many other rights guaranteed by . . . statutes and the [United States] Constitution, pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), Treason, Conspiracy to terrorize defenseless American(s) in the post 9/11 era, Bribery, etc. . . . where the latter [two] may need government power of prosecution because of criminal natures of the crime.

(*Id.*)

## II. Discussion

### a. Standards of review

#### i. Rule 60(b)

Federal Rule of Civil Procedure 60(b) provides for relief from a final judgment, order, or proceeding in the case of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing

3

party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Reese v. Bahash*, 574 F. App'x 21, 23 (2d Cir. 2014) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). Such a motion "must be made within a reasonable time," *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citing Fed. R. Civ. P. 60(c)), and cannot be used "as a substitute for appeal," *Stevens v. Schneiderman*, No. 05-CV-10819, 2011 WL 6780583, at *5 (S.D.N.Y. Dec. 23, 2011) (quoting *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009)). "A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Maldonado v. Local 803 I.B. of Tr. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013) (citing *Zerman v. Jacobs*, 751 F.2d 82, 85 (2d Cir. 1984)).

Each of the first five subsections of Rule 60(b) addresses a particular circumstance under which a party can obtain relief from a final judgment. *See Dugan v. United States*, No. 11-CV-3973, 2015 WL 5244341, at *3 (E.D.N.Y. Sept. 8, 2015). Generally, Rule 60(b)(1) is invoked to provide relief from a final judgment or order due to the mistake, inadvertence, surprise or excusable neglect "of a party or his representatives," and other provisions of the Federal Rules, including Rule 59(e) of the Federal Rules of Civil Procedure, are used to challenge a decision of the district court. *Turner v. Vill. of Lakewood, N.Y.*, 594 F. App'x 25, 25 (2d Cir. 2015) (quoting *Montco, Inc. v. Barr (In re Emergency Beacon Corp.)*, 666 F.2d 754, 759 (2d Cir. 1981)).

"Rule 60(b)(2) provides relief when the movant presents newly discovered evidence that could not have been discovered earlier and that is relevant to the merits of the litigation." *Aponte*

4

*v. City of N.Y. Dep't of Corr.*, 377 F. App'x 99, 100 (2d Cir. 2010) (quotation marks omitted) (quoting *Boule v. Hutton*, 328 F.3d 84, 95 (2d Cir. 2003)).  Evidence that was "clearly available" at the time of the judgment is "not 'newly discovered'" for the purposes of a motion under Rule 60(b)(2).  *Whitaker v. N.Y. Univ.*, 543 F. App'x 113, 114 (2d Cir. 2013).

"Rule 60(b)(3) motions 'cannot serve as an attempt to relitigate the merits' and may only be granted when the movant establishes a material misrepresentation or fraud by 'clear and convincing evidence.'"  *ACE Investors, LLC v. Rubin*, 561 F. App'x 114, 117 (2d Cir. 2014) (quoting *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989)).  Furthermore, a motion under subsection (b)(3) may fail if "the proffered evidence is irrelevant to the ultimate outcome." *Latimore v. NBC Universal Inc.*, 489 F. App'x 521, 521 (2d Cir. 2013) (first citing *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370 392–95 (2d Cir. 2001); and then citing *Fleming,* 865 F.2d at 485).

Rule 60(b)(4) "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."  *Williams v. City Univ. of N.Y.*, 590 F. App'x 84, 85 (2d Cir.) (internal quotation marks omitted) (quoting *U.S. Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010)), *cert. denied sub nom. Williams v. City Univ. of N.Y., Brooklyn Coll.*, --- U.S. ---, 136 S. Ct. 253 (2015).  "Relief from a judgment pursuant to Rule 60(b)(4) is not warranted 'simply because [the judgment] is or may have been erroneous.'"  *Estate of Shefner ex rel. Shefner v. Beraudiere*, 582 F. App'x 9, 12 (2d Cir. 2014) (quoting *Espinosa*, 559 U.S. at 270–71).

Rule 60(b)(5) provides that the court may relieve a party from a judgment if "the judgment . . . is based on an earlier judgment that has been reversed or vacated."  *Green v. Walsh*, 460 F. App'x 71, 72 (2d Cir. 2012) (quoting Fed. R. Civ. 60(b)(5)).

Finally, "Rule 60(b)(6) relief is only available if Rules 60(b)(1) through (5) do not apply." *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012); *Stevens*, 676 F.3d at 67 ("Rule 60(b)(1) and Rule 60(b)(6) are 'mutually exclusive,' such 'that any conduct which generally falls under the former cannot stand as a ground for relief under the latter.'" (quoting *United States v. Cirami*, 535 F.2d 736, 740 (2d Cir. 1976))). In order to qualify for Rule 60(b)(6) relief, a plaintiff must also demonstrate either "extraordinary circumstances, or extreme hardship." *DeCurtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013) (quoting *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004)); *see also Stevens*, 676 F.3d at 67 (noting that "courts require the party seeking to avail itself of [Rule 60(b)(6)] to demonstrate that 'extraordinary circumstances' warrant relief" (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988))).

      ii.    **Reconsideration**

The standard for granting a motion for reconsideration is strict, and "[r]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co., Ltd.*, --- F. App'x ---, ---, 2015 WL 5999215, at *3 (2d Cir. 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *Bank of Am. Nat'l Ass'n v. AIG Fin. Prods. Corp.*, 509 F. App'x 24, 27 (2d Cir. 2013) ("The standard for granting such a motion is strict . . . ." (quoting *Shrader*, 70 F.3d at 257)); *see also* Local Civ. R. 6.3 (The moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."); *Smith v. N.Y.C. Dep't of Educ.*, 524 F. App'x 730, 734 (2d Cir. 2013) ("To warrant reconsideration, a party must 'point to controlling decisions or data that the court

overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" (quoting *Shrader*, 70 F.3d at 257)).

It is thus "well-settled" that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made." *Simon v. Smith & Nephew, Inc.*, 18 F. Supp. 3d 423, 425 (S.D.N.Y. 2014) (citations and internal quotation marks omitted). In order to prevail on a motion for reconsideration, "the moving party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion." *Lichtenberg v. Besicorp Grp. Inc.*, 28 F. App'x 73, 75 (2d Cir. 2002) (citations and internal quotation marks omitted); *see also Stoner v. Young Concert Artists, Inc.*, No. 11-CV-7279, 2013 WL 2425137, at *1 (S.D.N.Y. May 20, 2013) ("A motion for reconsideration is an extraordinary remedy, and this Court will not reconsider issues already examined simply because [a party] is dissatisfied with the outcome of his case. To do otherwise would be a waste of judicial resources." (alteration in original)); *Henderson v. City of New York*, No. 05-CV-2588, 2011 WL 5513228, at *1 (E.D.N.Y. Nov. 10, 2011) ("In order to have been 'overlooked,' the decisions or data in question must have been put before [the court] on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." (alterations in original) (citations omitted)).

    **b.   The May 1, 2015 Decision**

In the May 1, 2015 Decision, the Court dismissed the Complaint pursuant to 28 U.S.C.

7

§ 1915(e)(2)(B), on statute of limitations grounds and for failure to state a claim. The Court held that any purported claims under sections 1983 or 1985 arising from the 2007 Passport Incident were barred by the three-year statute of limitations for such claims. *Nguyen*, 2015 WL 1966296, at *3. The Court also noted that Plaintiffs included no allegations regarding the timing of the alleged closure of case 1015, "and the Court therefore [could not] determine whether Plaintiffs' claims [were] timely." *Id.* Nevertheless, the Court held that Plaintiffs allegations failed to state a claim against any Defendant for the closure of case 1015 under section 1983 or section 1985. *Id.*

With respect to Plaintiffs' section 1983 claims against Bush, Chao and Bloomberg, the Court held that Plaintiffs failed to connect their "vague and conclusory allegations [regarding these Defendants] to any act undertaken by [them] individually to deprive Plaintiffs of any constitutional right." *Id.* at *4. With respect to Plaintiffs' claims against Sun and China Airlines, the Court held that Plaintiffs failed to allege any facts suggesting that either Defendant qualified as a state actor "or had a sufficiently 'close nexus' to the state to support a Section 1983 claim." *Id.* at *5 (first citing . *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50; *Sajimi v. City of New York*, No. 07-CV-3252, 2011 WL 135004, at *7 (E.D.N.Y. Jan. 13, 2011). The Court further held that, as with Bush, Chao and Bloomberg, Plaintiffs alleged no facts connecting the vague and conclusory allegations against Sun and China Airlines "to any act undertaken by Sun or China Airlines that deprived Plaintiffs of due process." *Id.* Finally, as to PANYNJ, the Court held that Plaintiffs' ambiguous allegations failed to connect PANYNJ to any violations of Plaintiffs' constitutional rights. *Id.*

With respect to Plaintiffs' section 1985 claims against Defendants, the Court held that the Complaint failed to plausibly allege any element of a section 1985 claim. *Id.* The Court

8

explained that "the Complaint simply alleges in a conclusory manner that there was a 'Bush via Chao–Bloomberg–PANYNJ' 'axis of deception' existing for some unidentified end," and that "[e]ven affording the Complaint a liberal reading, it contains no factual allegations [of] any agreement or meeting of the minds to achieve an unlawful end." *Id.*

The Court also denied Plaintiffs leave to amend. The Court explained that while Plaintiffs were proceeding *pro se* and entitled to the strongest reading of their allegations, "even under that standard, the Complaint does not give 'any indication that a valid claim might be stated.'" *Id.* at *6 (quoting *Toliver v. City of New York*, 530 F. App'x 90, 90 (2d Cir. 2013)). The Court explained that Plaintiffs' allegations were "incredible and frivolous, and leave to amend would be futile." *Id.* (first citing *Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013); and then citing *Igarashi v. Skulls & Bones*, 438 F. App'x 58, 59 (2d Cir. 2011)).

  c. **Plaintiffs' motion to vacate judgment**

On June 10, 2015, Plaintiffs moved for relief from the May 1, 2015 judgment and, in substance, reconsideration of the May 1, 2015 Decision.[2] (Pls. Mot. 1.) Like the Complaint, Plaintiffs' motion is vague and incoherent, but it appears that Plaintiffs raise two points in support of their motion. First, Plaintiffs proffer numerous facts that are neither contained in, nor related to, the Complaint. (*Id.* at 1–3.) Second, Plaintiffs assert that the Court improperly and prematurely dismissed the Complaint *sua sponte*, which, according to Plaintiffs, was contrary to Second Circuit law. (*Id.* at 2–3.) Reading these arguments together, it appears that Plaintiff seeks reconsideration of the May 1, 2015 Decision. As discussed below, however, Plaintiffs' arguments are frivolous and fail to provide a basis for relief from the judgment or for

---

[2] Plaintiffs' motion is styled as a motion to vacate judgment, but states that Plaintiffs ask the Court to "vacate/reverse/re-consider" the May 1, 2015 Decision. (Pls. Mot. 1.)

9

reconsideration.

### i. Plaintiffs' arguments and allegations

In their six-page submission, Plaintiffs refer only in passing to facts about the closing of case 1015, which animated the allegations in the Complaint. Instead, Plaintiffs detail numerous facts regarding social security fraud and Plaintiffs' "expos[ure]" of Defendants' "conspiracy and fraudulent abuse against [Plaintiffs'] SSN (identity)" and Defendants' "discriminatory treatment[] against [Plaintiffs] for years." (*Id.* at 1–2.) Plaintiffs describe negative and discriminatory treatment by non-parties Brooklyn Tech, Hunter College, the City University of New York and Citibank, for unspecified conduct that is somehow related to Plaintiffs' social security numbers. (*Id.* at 2–3.) Plaintiffs state that Defendants are involved in a "nationwide" conspiracy to deprive Plaintiffs of "life liberty and 'property'" in connection with those social security numbers. (*Id.* at 2.) Plaintiffs argue that there has been a fraud committed "against Ms. Nguyen's [social security number]," which "trickled down from the very top" and involved Defendants Bush, Chao, Bloomberg, PANYNJ, China Airlines and Sun, and other non-parties. (*Id.* at 4.)

### ii. Plaintiffs have not presented a basis to vacate the judgment pursuant to Rule 60

Plaintiffs cannot establish a basis to vacate the judgment pursuant to Rule 60(b). Aside from asking the Court to vacate the May 1, 2015 judgment, Plaintiffs do not cite Rule 60 or specify the particular subsection under which they seek relief. However, it is clear that none of Rule 60's subsections apply. As to Rule 60(b)(1), Plaintiffs do not seek relief from a final judgment arising from the mistake, inadvertence, surprise or excusable neglect "of a party or his representatives." *Turner*, 594 F. App'x at 25 (emphasis omitted) ("If a party seeks to challenge a decision of the district court . . . on the grounds that it is mistaken or erroneous, there are other

rules under which he or she may proceed, most obviously a direct appeal in the Court of Appeals . . . ."). Rather, Plaintiffs merely present new facts and legal arguments, which is insufficient to provide a basis for relief under Rule 60(b)(1).

As to Rule 60(b)(2), Plaintiff does not present newly discovered evidence relevant to the merits of the litigation. Plaintiffs include new factual allegations regarding Defendants' participation in a conspiracy unrelated to the alleged conspiracy surrounding the closing of case 1015. Instead, these allegations are connected to some unspecified fraud involving Plaintiffs' social security numbers. Even assuming that these facts are newly discovered, they are irrelevant to this action. *See Aponte*, 377 F. App'x at 100 (upholding district court's determination that additional evidence presented pursuant to Rule 60(b)(2) was relevant to a claim of legal malpractice, not to the underlying litigation, and was thus not a basis to vacate judgment and grant a new trial).

Rule 60(b)(3) and Rule 60(b)(4) are also inapplicable, as Plaintiffs cannot "establish a material misrepresentation or fraud" by another party to the litigation, or that this is a "rare instance" where "a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Williams*, 590 F. App'x at 85. Summons did not issue to the other parties named in the Complaint, and Plaintiffs have not argued that any jurisdictional error exists or that they have been deprived of notice or an opportunity to be heard.

Likewise, as to Rule 60(b)(5), Plaintiffs cannot demonstrate that the Court's judgment was based on an earlier judgment that was reversed or vacated, as the Court dismissed the Complaint pursuant to 28 U.S.C. § 1915, for failing to plead a plausible, non-frivolous claim. *See Green*, 460 F. App'x at 72 (explaining that Rule 60(b)(5) provides relief where a judgment is

11

"based on an earlier judgment that has been reversed or vacated" and approving the denial of such relief because the moving party failed to show "how the district court's initial decision . . . was 'based on' the earlier state judgment").

Lastly, the "rare relief" afforded by Rule 60(b)(6) is not available, as Plaintiffs have not demonstrated any "extraordinary circumstances" or "extreme hardship" caused by not vacating judgment. *DeCurtis*, 529 F. App'x at 86. Accordingly, assessing the motion as styled, Plaintiffs' motion to vacate the judgment is denied.

### iii. Plaintiffs have not identified any facts or law overlooked by the Court

Through confusing allegations, the Complaint attempts to allege a conspiracy among Defendants, public figures, government officials and international businesses, to violate Plaintiffs' Fourteenth Amendment rights in some unspecified way. (*See, e.g.*, Compl. 3, 5–6.) The allegations center on Plaintiffs' experience at Defendant China Airlines' service desk at an unknown international airport, where an unknown assailant attacked Mr. Nguyen and stole Plaintiffs' passports. (*Id.* at 2.) Mr. Nguyen recounted this incident when he filed case 1015 with China Airlines, which according to Plaintiffs, Defendants conspired to close "without victims' knowledge." (*Id.* at 5–6.)

In the May 1, 2015 Decision, after determining that these facts failed to state any claim under sections 1983 or 1985, the Court dismissed the Complaint and denied Plaintiffs leave to amend. *Nguyen*, 2015 WL 1966296, at *5–6. The Court explained that "Plaintiffs' allegations [were] incredible and frivolous, and leave to amend would be futile." *Id.* at *6 (first citing *Ashmore*, 510 F. App'x at 49 ("[G]ranting leave to amend would be futile as the barriers to relief for [plaintiff's] claims cannot be surmounted by reframing the complaint."); and then citing *Igarashi*, 438 F. App'x at 59 ("[T]he district court properly dismissed the complaint without providing an opportunity to amend because any amendment would have been futile in light of

the incredible nature of the allegations.")).

Seeking reconsideration, Plaintiffs argue that the Court improperly dismissed the Complaint without leave to amend. Plaintiffs assert that the Court improperly relied on the Second Circuit's decision in *Abbas v. Dixon*, 480 F.3d 636 (2d Cir. 2007). According to Plaintiffs, unlike the plaintiff in *Abbas*, Plaintiffs are not prisoners, but "natural person(s)/citizen(s) with full constitutional rights," and Plaintiffs "firmly believe that at this point we are unequally treated," because the Court "discriminatorily treated [Plaintiffs] even worse than a prisoner such as Abbas because of [the Court's] bad practice." (Pls. Mot. 1.) Plaintiffs assert that the Court's *sua sponte* dismissal is "by itself grounds for reversal," (*id.* at 2 (quoting *Abbas*, 480 F.3d at 640)), and that a *sua sponte* dismissal without giving Plaintiffs "notice and an opportunity to be heard" was improper and "violat[ed] cannon [*sic*] 1 of upholding the independence of the judiciary" by making the Court "a proponent rather than an independent entity," (*id.* quoting *Perez v. Ortiz*, 849 F.2d 793, 797 (2d Cir. 1988) (citations omitted); and then citing *Lewis v. State of New York*, 547 F.2d 4, 5 (2d Cir. 1976)).

Plaintiffs point to no controlling law that the Court overlooked. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the district court must perform a screening function for *pro se* plaintiffs who wish to proceed *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B); *see also Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 383 n.5 (2d Cir. 2015) ("Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court must dismiss at any time an *in forma pauperis* complaint that fails to state a claim on which relief may be granted." (citations and internal quotation marks omitted)). "[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where 'the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.'" *Walters v. Indus. & Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir.

13

2011). "To avoid *sua sponte* dismissal of a § 1983 claim, a plaintiff must allege that (1) the defendant was a state actor, i.e., acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of 'rights, privileges or immunities secured by the Constitution or laws of the United States.'" *Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015) (quoting *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743–44 (2d Cir. 2003)).

Here, consistent with the requirements of 28 U.S.C. § 1915(e)(2)(B) and binding precedent, the Court held that, assuming Plaintiffs stated a claim, any purported section 1983 claims would be time-barred given the dates alleged in the Complaint. *Nguyen*, 2015 WL 1966296, at *2–3. The Court went on to find that, even if Plaintiffs' claims were not time-barred, Plaintiffs failed to state a claim as they failed to allege any constitutional deprivation, that Defendants participated in that deprivation or that the private citizens and entities involved were state actors. While Plaintiffs are not precluded from alleging a wide-ranging conspiracy involving high-ranking government officials and private parties, to avoid dismissal they must allege plausible facts. *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("[W]hile a plaintiff 'certainly may allege that the most senior members of the United States government [engaged in a conspiracy], the courts have no obligation to entertain pure speculation and conjecture.'" (citation omitted)). As the Court held in its May 1, 2015 Decision, Plaintiffs failed to allege any plausible facts. Plaintiffs fail to identify any controlling law that the Court overlooked in reaching that conclusion.

Instead of citing to law the Court overlooked, Plaintiffs point to the Court's citation to *Abbas*, and argue that the Court misapplied the law. (Pls. Mot. 2, 4.) This is insufficient to warrant reconsideration. *See E.E.O.C. v. Bloomberg L.P.*, 751 F. Supp. 2d 628, 651 (S.D.N.Y. 2010) ("[A] mere disagreement with the Court's legal determination is not a valid basis for

14

reconsideration."). In any event, *Abbas* does not support the argument that the Court erred in dismissing the Complaint *sua sponte*. In *Abbas*, the Second Circuit held that the district court improperly dismissed a *pro se* plaintiff's complaint *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *Id.* at 639. The district court had held that the face of the complaint provided no basis to toll the statute of limitations period, but the Second Circuit held that, because the plaintiff was not required to affirmatively plead facts that would toll the statute of limitations, the district court could not tell whether the plaintiff may have meritorious tolling arguments, and should not have dismissed the complaint. *Id.*

Here, unlike *Abbas*, it appeared on the face of the Complaint that, to the extent Plaintiffs were raising claims based on the 2007 Passport Incident, they would be time-barred. *Nguyen*, 2015 WL 1966296, at *3. In addition, the Court went on to consider the merits of the claims Plaintiffs may have raised, finding that they failed to state a claim. This is precisely the screening function required under 28 U.S.C. § 1915, as explained in *Abbas*. *See Abbas*, 480 F.3d at 639 (Sections "1915(e)(2)(B)(ii) and 1915A(b)(1) . . . provide an efficient means by which a court can screen for and dismiss legally insufficient claims."). Accordingly, reconsideration is not warranted as to the May 1, 2015 Decision's dismissal of Plaintiffs' claims.

Plaintiffs also cite language from *Perez v. Ortiz*, 849 F.2d 793 (2d Cir. 1988) and *Lewis v. State of New York*, 547 F.2d 4 (2d Cir. 1976), criticizing *sua sponte* dismissals. (Pls. Mot. 3.) Plaintiffs' reliance on those decisions is misplaced. While those cases involved reversals of a district court's *sua sponte* dismissal of a complaint, the Second Circuit expressly recognized the permissibility of *sua sponte* dismissals of frivolous *in forma pauperis* complaints, like the Complaint here. *See Perez*, 849 F.2d at 797 (explaining that while the general rule is to allow notice and opportunity to be heard, "*sua sponte* dismissals may be appropriate in some

15

circumstances particularly in cases involving frivolous *in forma pauperis* complaints" (internal citations omitted)); *Lewis*, 547 F.2d at 6 n.2 (noting that while it reversed the *sua sponte* dismissal at issue, "a complaint may be dismissed prior to assuming jurisdiction if it is either 'frivolous' or the federal claim is 'immaterial and made solely to obtain jurisdiction'"). Accordingly, neither *Perez* nor *Lewis* provides a basis for reconsideration of the Court's May 1, 2015 Decision. The Court therefore denies Plaintiffs' motion.

### III. Conclusion

For the foregoing reasons, the Court denies Plaintiffs' motion to vacate the Court's May 1, 2015 judgment or to reconsider the May 1, 2015 Decision dismissing Plaintiffs' Complaint.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: March 16, 2016
      Brooklyn, New York